UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORINO L. TOLBERT,

    Plaintiff,

v.                                            CASE No. 8:04-CV-1749-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

        The plaintiff, who was thirty-three years old at the time of the administrative hearing and who has a tenth grade education with some vocational training (Tr. 73), has worked at various jobs (Tr. 77).  She filed claims for Social Security disability benefits and supplemental security

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

income payments, alleging that she became disabled due to carpal tunnel syndrome, high blood pressure and dizziness (Tr. 67). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of hypertension, carpal tunnel syndrome, anxiety and obesity (Tr. 23). The law judge concluded the following in light of these impairments (Tr. 24):

> The claimant has the residual functional capacity to perform light work with occasional climbing, balancing, stooping, kneeling, crouching or crawling. She required a sit/stand option and clean temperature controlled environment. Because of her dizziness, she had to avoid all exposure to hazards including moving machinery or unprotected heights. Her diagnosed carpal tunnel syndrome also imposed limitations and she was unable to perform any repetitive grasping (20 CFR §§ 404.1567 and 416.967).

The law judge determined that these limitations prevented the plaintiff from returning to any prior work (Tr. 23). However, based upon the testimony of a vocational expert, the law judge found that there were jobs in the national economy that the plaintiff could perform, such as gate guard, parking lot cashier, and tollbooth collector (Tr. 24). Accordingly, the law

judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff raises two challenges to the law judge's decision. Neither has merit.

The plaintiff contends, first, that the law judge failed to consider the combined effects of all the plaintiff's impairments, which he is required to do. See, e.g., Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir.

1986). Specifically, the plaintiff asserts that the law judge did not properly consider her impairments of headaches (Doc. 15, p. 15) and obesity (id. at p. 16).

The law judge plainly set forth and assessed the plaintiff's allegations of headaches. Thus, he identified the complaints of headaches in his summary of the evidence. More importantly, he evaluated that evidence in his decision. In this respect, the law judge pointed out that the plaintiff's neurologist reported that, since she has been taking medication for headaches, they were less frequent (Tr. 19). Notably, the record reflects that the plaintiff is frequently non-compliant with her medications and that, as the law judge noted, the plaintiff's failure to take her blood pressure medication could be causing her headaches (id.; see also Tr. 252). Furthermore, the law judge pointed out that Dr. David Romano, the plaintiff's long-time treating doctor, said that the plaintiff "did not have anything wrong with her that could not be repaired surgically [*i.e.*, the carpal tunnel syndrome] and/or by medication" (Tr. 21; see Tr. 241). With respect to headaches, this statement by Dr. Romano is consistent with his office notes showing that Fioricet tablets provide "good relief most of the time" (e.g. Tr. 256).

In addition, in assessing the plaintiff's allegation of headaches, the law judge pointed out that, "[w]hile the claimant has reported headaches, the record does not show that the claimant reported such severity to any treating physicians as she testified" (Tr. 20). Significantly, no doctor has opined that the plaintiff's headaches are disabling or even that they impose any functional limitation. And, tellingly, the plaintiff's treating physician has emphatically indicated that she is not disabled.

In sum, the law judge plainly evaluated the plaintiff's impairment of headaches. Moreover, his determination that the plaintiff's headaches did not impose any functional limitation is reasonable and supported by substantial evidence.

The plaintiff also contends the law judge did not properly analyze the effects of the plaintiff's obesity (Doc. 15, p. 16). The law judge, however, expressly found that the plaintiff's obesity is a severe impairment (Tr. 23). Nevertheless, the plaintiff asserts that the law judge should have analyzed the combined effect of the obesity with the other impairments.

It seems obvious to me that he did. Since obesity is the plaintiff's primary physical impairment, aside from her carpal tunnel syndrome, all of the physical limitations the law judge found, apart from

grasping, would result from the plaintiff's obesity. If the plaintiff thinks that the law judge overlooked some additional limitations caused by the obesity, she should have identified them. None is apparent to me. Consequently, the plaintiff has failed to demonstrate that the law judge erred in his evaluation of the plaintiff's obesity.

Finally, the plaintiff contends that the law judge did not properly establish that there were jobs in the national economy that the plaintiff could perform. More specifically, she argues that the hypothetical questions to the vocational expert did not contain all of the plaintiff's limitations (Doc. 15, p. 17).

To the extent that the plaintiff bases this argument on the law judge's failure to include in the hypothetical question the plaintiff's headaches and obesity, that argument is answered by the prior discussion. As indicated, the law judge reasonably discounted the plaintiff's complaint of headaches and determined that they did not impose any functional limitations. In that circumstance, the allegation of headaches is properly omitted from the hypothetical question. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

With respect to obesity, if the plaintiff is contending that the hypothetical question should have contained the statement that the plaintiff is obese, that contention is mistaken. What need to be stated in the hypothetical question are not the disorders or symptoms, but the functional limitations caused by the disorders or symptoms.

Here, the law judge's hypothetical question plainly included the functional limitations due to the plaintiff's obesity (Tr. 337). As previously noted, the plaintiff has not identified any additional functional limitation caused by obesity. The hypothetical question therefore sufficiently covered the plaintiff's obesity.

The plaintiff also asserts that the hypothetical question was deficient with respect to the plaintiff's impairment of carpal tunnel syndrome. The law judge asked the vocational expert to assume that the plaintiff could not perform repetitive grasping or fine fingering (Tr. 337), and the expert identified three types of jobs that the plaintiff could perform with that limitation (Tr. 338). A subsequent question assumed a frequent inability for fine manipulation (Tr. 339), and the expert said that such a limitation would reduce, but not eliminate, the jobs she had identified (Tr. 339-40).

-8-

Having this question in mind, the plaintiff points to the opinions of two reviewing, non-examining doctors who opined that the plaintiff was limited to frequent handling and fingering (Tr. 196, 204). The plaintiff asserts that this evidence is contrary to the testimony of the vocational expert (Doc. 15, p. 19). This assertion is based on a misreading of the medical opinions. Those opinions indicated that the plaintiff was limited to frequent handling and fingering, as opposed to repetitive or constant handling or fingering (see Tr. 340). As properly construed, those opinions are consistent with, and support, the vocational expert's opinion.[2]

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this 22nd day of September, 2005.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2]The plaintiff may have gone astray on this point because her lawyer at the hearing asked about a frequent inability for fine manipulation (Tr. 339), whereas the medical opinions stated that the plaintiff had the ability to handle and finger frequently (Tr. 196, 204).